MONTIEL, Judge.
The appellant, Leslie Tilden Day, was charged at the time of the same incident with driving a motor vehicle while under the influence of alcohol, with reckless driving and with driving while his license was suspended. In district court, a motion for judgment of acquittal was granted as to the charge of driving with a suspended license. The reckless driving charge was nol-prossed, and the appellant was convicted of driving under the influence of alcohol, in violation of § 32-5A-191(a)(3), Code of Alabama 1975. The appellant was fined $1,500 and received a 14-day suspended jail sentence — which placed the appellant on informal probation for 1 year — and 20 days of community service. The appellant appealed to the circuit court, which upheld the district court’s sentence.
The appellant raises only one issue. He contends that the nol-prossing of his reckless driving charge, which arose from the same facts as the DUI charge, effectively acts as an acquittal of that charge and should act as a bar to his subsequent conviction of DUI on double jeopardy grounds. Specifically, the appellant maintains that the trial judge should not have convicted him of DUI after he had been “acquitted” of reckless driving because double jeopardy bars “the subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” Grady v. Corbin, 495 U.S. 508, 510, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548, 557 (1990).
*207 However, it is very clear that there is no merit to the appellant’s contention. “The double jeopardy clause of the Fifth Amendment protects against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishment for the same offense.” United States v. Persico, 832 F.2d 705 (2nd Cir.1987), cert. denied, 486 U.S. 1022, 108 S.Ct. 1995, 1996, 100 L.Ed.2d 227 (1987). In the instant case, the appellant was originally charged with driving with a suspended license, reckless driving, and driving under the influence of alcohol. Even if we were to agree that the nol-prossing of the reckless driving charge was the equivalent of an acquittal as to that charge, the appellant’s argument would fail. Of the three charges which arose out of the same incident, two were tried in district court and one was nol-prossed. Here, there was no second or subsequent prosecution. Double jeopardy is not applicable in this case.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.